IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE WISE, <br><br> Plaintiff, <br><br> vs. <br><br> BRET BOWLING, in his Individual and Official capacity as Creek County Sheriff, *et al.*, <br><br> Defendants. | Case No. 20-CV-67-JED-FHM |

## **OPINION AND ORDER**

The Motion to Compel filed by Defendant Bowling, [Dkt. 13], has been fully briefed, [Dkt. 13, 15, 17], and is ripe for decision.

The only matter that remains in dispute is Plaintiff's response to Interrogatory No. 14 which requests Plaintiff to identify the date he retained an attorney to take legal action on his behalf regarding the incident at issue in this lawsuit.[1] Plaintiff states he objects to answering on the basis of relevancy, attorney-client privilege, and work product. [Dkt. 15, p. 5], however since only the topic of relevancy is briefed, the court will not address the other topics.

---

[1] Counsel are reminded of the obligation to comply with LCvR 37.2(d) which requires that the opening brief in support of a discovery motion "shall include a verbatim recitation of each interrogatory, request, answer, response and objection which is the subject of the motion."
   Compliance with this rule, including recitation of the <u>entire</u> discovery request and response, is necessary as it facilitates the court's consideration fo the specific discovery dispute in the context of the arguments pertaining to the particular discovery request at issue. The decision about whether a response will be compelled often rests on the precise language used in the disputed discovery request. Since failure to comply with an order compelling discovery carries the possibility of serious sanctions, including dismissal of claims or defenses and to prevent further disputes about what has been ordered, the motion, briefs, ans resulting order must necessarily be specific about what discovery requests are at issue. The court should not have to dig through attached exhibits to gain the necessary understanding of the discovery dispute to resolve it.

Defendant argues that the date Plaintiff hired an attorney is circumstantial evidence of when Plaintiff anticipated litigation, and therefore had a duty to preserve evidence. There is, however, no suggestion that the failure of Plaintiff to preserve evidence is an issue in this case. Accordingly, the court finds that the date Plaintiff hired an attorney is not relevant to any issue or defense in this case. Plaintiff is not required to answer Interrogatory No. 14.

Defendant's Motion to Compel, [Dkt. 13], is DENIED. The parties are to bear their own expenses related to this motion.

SO ORDERED this 26th day of October, 2020.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE