# United States District Court
## for the Northern District of Oklahoma

Case No. 20-CV-00067-JDR-CDL

JESSE WISE,

*Plaintiff*,

*versus*

BRETT BOWLING, et al.,

*Defendants*.

## OPINION AND ORDER

On 14 October 2018, defendant Don Caffey deployed a knee strike against plaintiff Jesse Wise while Mr. Wise was detained at the Creek County Jail. Dkt. No. 128 at 2.[1] Mr. Wise subsequently brought this action asserting claims against both Mr. Caffey, a former detention officer of the Creek County Jail, and Brett Bowling in his official capacity as Creek County Sheriff. Dkt. No. 129 at 6-9.[2]

Mr. Caffey has filed ten motions in limine seeking to preclude certain categories of evidence at trial. Dkt. No. 70. Mr. Wise has objected to only six of those motions. Dkt. No. 94.[3] With no reply brief on file, Mr. Caffey's motions are now ripe for review.

---

[1] These facts, which are drawn from this Court's prior Order, are not disputed. Dkt. No. 128 at 2.

[2] Plaintiff initially sought relief from Sheriff Bowling in his individual capacity. Dkt. No. 94 at 8-9. That claim is no longer at issue. Dkt. No. 159.

[3] With respect to Mr. Caffey's second motion in limine, which seeks to exclude evidence of this Court's rulings on pretrial motions, Mr. Wise indicates that he "does not intend to offer any evidence of or mention" this Court's rulings, but "reserves the right to introduce evidence of a position taken by a Defendant in a pretrial

No. 20-CV-00067

The Court begins with Mr. Caffey's third motion in limine, which seeks to preclude Mr. Wise from "personalizing" his case by making golden-rule arguments that ask the jury to imagine themselves in Mr. Wise's position. Dkt. No. 70 at 2-3. Mr. Wise submits that, while such arguments are improper for purposes of determining damages, he may make such arguments with respect to liability. Dkt. No. 94 at 5-6. Mr. Wise further suggests that, at the liability stage, he should be permitted to ask the jury to consider the effect that Mr. Caffey's behavior might have on the jury, their families, or the public at large. *Id.* at 5.

As the parties rightly agree, golden-rule arguments should never be made when asking a jury to determine an appropriate damage award. *See Shultz v. Rice*, 809 F.2d 643, 651–52 (10th Cir. 1986) (collecting cases) (recognizing the general proposition that a jury may not be instructed to "place itself in a party's shoes with respect to damages"). Golden-rule arguments are only permitted in the liability context in narrow circumstances. For example, in *Shultz*, the jury was asked to consider whether a physician acted reasonably when he provided a particular medication to the pregnant plaintiff. *Id.* at 652. In closing arguments, the physician argued that the jury should "consider the reasonableness of [the physician's] actions in light of the information he possessed at the time of the injection but before the return of the pregnancy test results." *Id.* The Court of Appeals concluded that the physician's argument, which was "directed solely to the reasonableness" of his conduct based on the information available to him, could "hardly be characterized as an emotional appeal" that would compromise the jury's neutrality. *Id.*

In view of *Shultz*, this Court concludes that arguments urging a juror to step into the shoes of a party are permissible only to the extent they invite the jury to consider "the reasonableness of [a party's] conduct, in light of information known at the time." *See Smith v. CSAA Fire & Cas. Ins. Co.*, No. CIV-17-1302-D, 2020 WL 4340546, at *2 (W.D. Okla. July 28, 2020). Such arguments are simply not the type of improper "emotional appeals" that could lead a jury to make a biased decision based on emotion, rather than the evidence. *See Shultz*, 809 F.2d at 652; *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983) (concluding that a party's use of

---

motion or brief for purposes of impeachment should the need arise." Dkt. No. 94 at 4. Both parties treat this motion as undisputed, and the Court does likewise.

2

No. 20-CV-00067

"golden rule" arguments was reasonable where the arguments "requested the jury to put themselves in Stokes' place to determine whether his fears and resultant failure to request help were reasonable").

It does not appear that the evidence Wise seeks to introduce falls within the narrow exception recognized in *Shultz*. Mr. Wise has not pointed to any disputed matter of fact that turns upon whether his perceptions, fears, or actions were reasonable under the circumstances. Instead, he broadly asserts that he should be permitted to ask, at the liability stage, how Mr. Caffey's conduct might affect the jury, their relatives, or the general public, in order to allow the jury to determine "what conduct is acceptable in our society." Dkt. No. 94 at 5. Mr. Wise has presented no case law suggesting that it is appropriate to ask the jury to consider the effects of Mr. Caffey's conduct at this level of generality,[4] and this Court can find none. Accordingly, Mr. Caffey's third motion in limine is GRANTED.

The Court next considers Mr. Caffey's fifth motion in limine, which seeks to prohibit arguments that the jury should "send a message to" or "punish" the defendants. Dkt. No. 70 at 3-4. Significantly, Mr. Caffey's request appears to be limited to the jury's assessment of actual damages. *See id.* at 3 (concerning the "award of actual damages"); *id.* at 4 (addressing prejudice that may arise if punitive damages arguments are made "in the first phase of the trial"). Mr. Caffey does not seek to prohibit such arguments where punitive damages are concerned. *Id.* at 3-4. Mr. Wise, for his part, does not contend that such arguments have any bearing on the question of liability, and argues only that he should be permitted to invite a punitive damages award based upon the goals of punishment and deterrence. *E.g.*, Dkt. No. 94 at 7 (recognizing that the appropriateness of the challenged arguments is dependent upon the existence of a viable punitive damages claim). Thus, it appears the parties agree that the challenged arguments may be made at the punitive damages

---

[4] Mr. Wise cites a presentation prepared by the National Judicial College suggesting that a jury's role is to "determine community standards and expectations in accordance with the law." Dkt. No. 94 at 5 (citation omitted). This reference is of limited persuasive value and, in any event, it fails to discuss the extent to which golden-rule evidence would help or hinder the jury in performing the role described.

No. 20-CV-00067

phase of trial, but not before then. In view of this agreement, Mr. Caffey's fifth motion in limine is DENIED as MOOT.

In his sixth motion in limine, Mr. Caffey seeks to exclude all previously undisclosed expert testimony. Dkt. No. 70 at 4-5. Mr. Wise responds that his witnesses are likely to testify in accordance with their prior disclosures. Dkt. No. 94 at 8. He asks the Court to reserve ruling on this motion, and specifically argues that his expert should be permitted to respond to "any new evidence or testimony which might be introduced at trial." *Id.*

The parties' arguments touch upon two categories of expert testimony: Opinions based upon new evidence, and opinions based upon previously known facts that fall outside the scope of the experts' disclosures. With respect to the first category, the Court notes that both the deadline for identifying potential evidence and the discovery deadline have long passed. *See* Dkt. Nos. 23, 35, 169. It should be a rare case where an expert would need to expand on his or her prior opinions to address "new" evidence. Accordingly, the Court ORDERS that any party who wishes to solicit expert opinions on new evidence must request a bench conference prior to presenting the expert so that the question of admissibility can be resolved outside the presence of the jury.

With respect to the second category, the Court recognizes that motions in limine are a valuable means of resolving "certain forecasted evidence" before trial. *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (citation and quotation marks omitted). The utility of these motions is lessened, however, where they seek the broad enforcement of generally applicable rules. *See* Dkt. No. 70 at 4-5 (referencing the duty to provide a complete statement of expert witnesses' opinions under Rule 26 of the Federal Rules of Civil Procedure and seeking the exclusion of any undisclosed opinions). The question of whether and to what extent an expert's testimony was fairly disclosed is best addressed in the context of trial. *See Wilkins*, 487 F. Supp. 2d at 1218-19 (recognizing that courts should defer rulings on relevance and unfair prejudice "until trial when the factual context is developed"). Accordingly, the Court RESERVES RULING on Mr. Caffey's sixth motion in limine.

No. 20-CV-00067

The Court next turns to Mr. Caffey's eighth motion in limine, which seeks to exclude lay witnesses from testifying as to whether Mr. Caffey's use of force was excessive. Although Mr. Caffey is correct that lay witness testimony is controlled by Rule 701 of the Federal Rules of Civil Procedure, he goes too far in arguing that "[a]ny testimony from lay witnesses" would necessarily be "speculative, outside the scope of the witness's knowledge" or unlikely to assist the jury. Dkt. No. 70 at 8. Rule 701 expressly permits the introduction of lay witness opinion testimony, so long as the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Federal Rule of Evidence] 702." Fed. R. Evid. 701. In view of the plain language of Rule 701, Mr. Caffey's request for a blanket ban on opinion testimony by lay witnesses is DENIED without prejudice. The Court will evaluate during trial the admissibility of lay and expert testimony in accordance with the corresponding evidentiary rules.

In his ninth motion in limine, Mr. Caffey seeks to prevent Mr. Wise's counsel from stating opinions in the form of arguments. Dkt. No. 70 at 8. Mr. Wise does not dispute this premise as a general matter. Dkt. No. 94 at 11. Instead, the crux of the parties' dispute appears to be whether and when an attorney's argument ceases to be impassioned argument and becomes instead impermissible opinion testimony. Dkt. No. 70 at 8; Dkt. No. 94 at 11 (discussing Mr. Wise's entitlement to have his counsel argue on his behalf). The Court is confident that counsel for both parties will refrain from stating their personal opinions regarding the justness of any claims, the credibility of any witnesses, or the culpability of any parties. *See Burke v. Regalado*, 935 F.3d 960, 1031 (10th Cir. 2019). Any challenges as to whether a particular attorney has run afoul of this prohibition will be addressed at trial. Accordingly, the Court RESERVES RULING on Mr. Caffey's ninth motion in limine.

Mr. Caffey's tenth and final motion in limine seeks to exclude evidence of prior lawsuits involving Creek County, the Creek County Sheriff's Office, or any Creek County employee or official. Dkt. No. 70 at 9. Mr. Wise responds that this evidence is necessarily relevant to his municipal liability claim. Dkt. No. 94 at 12-15 (arguing that a particular incident is "relevant to Plaintiff's municipal and supervisor liability claim"). Mr. Wise does not, however, suggest that the challenged

5

No. 20-CV-00067

evidence is in any way admissible against Mr. Caffey himself. Accordingly, Mr. Caffey's Motion in Limine is GRANTED with respect to Mr. Caffey.[5]

For the reasons discussed above, the Court disposes of Mr. Caffeys' Motions in Limine as follows:

> Motion in Limine No. 1 is DENIED as MOOT;
>
> Motion in Limine No. 2 is DENIED as MOOT;
>
> Motion in Limine No. 3 is GRANTED;
>
> Motion in Limine No. 4 is DENIED as MOOT;
>
> Motion in Limine No. 5 is DENIED as MOOT;
>
> Motion in Limine No. 6 is RESERVED for trial;
>
> Motion in Limine No. 7 is DENIED as MOOT;
>
> Motion in Limine No. 8 is DENIED without prejudice;
>
> Motion in Limine No. 9 is RESERVED for trial; and
>
> Motion in Limine No. 10 is GRANTED as to Mr. Caffey.

For the motions denied or reserved, the Court's rulings are preliminary. The Court reminds the parties of their continued obligation to reassert evidentiary challenges at trial to preserve such challenges for appeal.

DATED this 13th day of February 2024.

John D. Russell
*United States District Judge*

---

[5] The Court will address the applicability of the challenged evidence as to Sheriff Bowling at a later date. *See* Dkt. No. 72 at 2 (challenging the admissibility of prior and subsequent incidents, complaints, and lawsuits).