# 𝔘nited 𝔖tates 𝔇istrict 𝔆ourt
## for the 𝔑orthern 𝔇istrict of 𝔒klahoma

---

### Case No. 20-CV-00067-JDR-CDL

---

JESSE WISE,

*Plaintiff*,

*versus*

BRETT BOWLING, ET AL.,

*Defendants.*

### OPINION AND ORDER

Defendant Brett Bowling, acting in his official capacity as Creek County Sheriff, has filed twelve motions in limine seeking the exclusion of certain categories of evidence at trial. Dkt. No. 72. Nine of the motions are contested. Dkt. No. 72; Dkt. No. 93 at 4, 8. The motions have been fully briefed and are ripe for review.

The Court begins with Mr. Bowling's first motion in limine, which seeks to exclude evidence that Mr. Wise was involved in a rear-end vehicle collision with Creek County law enforcement. Dkt. No. 72 at 2. Mr. Bowling argues this evidence is irrelevant, misleading, confusing, and unfairly prejudicial. *Id.* Mr. Wise does not contest this motion, and instead requests a reciprocal motion in limine on this topic. Dkt. No. 93 at 4. The Court is not inclined to issue advisory rulings as to admissibility, and any order excluding evidence would be advisory in view of the parties' agreement.  Accordingly, Mr. Bowling's first motion in limine is DENIED as MOOT.

Mr. Bowling's second motion in limine concerns the admissibility of any claims, complaints, investigations, or lawsuits against Mr. Bowling or his agents, employees, or officers. Dkt. No. 72 at 2. The motion specifically seeks to exclude evidence concerning former Creek County Jail inmate Ronald Garland, who died after an altercation with detention officers. *Id.* at 3. Mr. Bowling argues that this

No. 20-CV-00067

evidence is impermissible character evidence, and that the prejudicial impact of the evidence would outweigh any limited probative value. *Id.* at 3-4. Mr. Wise, in response, argues that evidence of prior complaints, reports, and litigation concerning civil rights violations are not only relevant, but necessary to his municipal liability claim. Dkt. No. 93 at 4-7.

To establish a municipal liability claim, a plaintiff must show that a municipality's policy or custom, or the actions of an official with final policymaking authority concerning the challenged action, was the moving force behind the injury he or she allegedly suffered. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). While evidence of prior violations *may* be relevant to that showing,[1] a plaintiff does not have carte blanche to introduce evidence of any and all prior complaints or violations; there must be a causal link between the prior conduct and the injury complained of. *E.g., Bryson v. City of Oklahoma City*, 627 F.3d 784, 790 (10th Cir. 2010) (concluding that the "link between the City's alleged failure to meaningfully supervise . . . and the constitutional injury suffered by Plaintiff is too attenuated to support a finding of municipal liability"); *Sanchez v. Baker*, 457 F. Supp. 3d 1143, 1159 (D.N.M. 2020) (rejecting contention that "three dissimilar excessive force claims over a ten-year period provide[d] a direct causal link with the constitutional violation" at issue).

The Court has reviewed the parties' arguments and evidence concerning the incident with Mr. Garland. Dkt. No. 72-2; Dkt. No. 72-3; Dkt. No. 72-4; Dkt. No. 93-1; Dkt. No. 93-2; Dkt. No. 93-3. At this juncture, the Court cannot conclude that the incident with Mr. Garland is causally linked to the injury suffered by Mr. Wise. Nevertheless, because it appears that further information may assist the Court in addressing whether such a link exists, the Court RESERVES RULING on Mr. Bowling's second motion in limine. The Court directs the parties to be prepared to discuss the facts of the incident with Mr. Garland, the facts of any other prior incidents, complaints, or lawsuits to be introduced for purposes of establishing municipal liability, and their connection to this case at the pretrial conference.

---

[1] *E.g., Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998) (recognizing that a pattern of tortious conduct may be relevant to whether a municipality's failure to train constituted deliberate indifference).

No. 20-CV-00067

In his third motion in limine, Mr. Bowling seeks the exclusion of any comments regarding "notorious" use of force cases in other jurisdictions, as such evidence is irrelevant to the case before the Court. Dkt. No. 72 at 4-5. Mr. Wise indicates he will not ask any witnesses about the "specifics" of such cases, but "reserve[s] the right to mention such 'notorious' cases at trial, including in *voir dire*." *Id.* Dkt. N. 93 at 8.

It is unclear where, other than during *voir dire*, Mr. Wise seeks to reference these types of unrelated, high-profile cases. If Mr. Wise intends to refer to "notorious" cases before an empaneled jury, the Court concludes that any references would be of limited to no probative value, and that any probative value would be outweighed by the risk that the jury would become confused or conflate this case with the cases referenced. *Cf. Sec. & Exch. Comm'n v. Am. Growth Funding II, LLC*, No. 18-CV-828 (KMW), 2019 WL 1748186, at *3 (S.D.N.Y. Apr. 19, 2019) (prohibiting party from using the term "Ponzi scheme" due to the risk that "the jury would conflate this case with high-profile cases involving Ponzi schemes" and no Ponzi scheme was alleged). The exclusion of these references is therefore proper under Rule 403 of the Federal Rules of Evidence, and Mr. Bowling's third motion in limine is GRANTED. The question of whether such references may properly be made prior to trial will be addressed after the Court receives proposed *voir dire* from counsel. *See* Dkt. No. 169.

Mr. Bowling's fifth motion in limine seeks to preclude lay witnesses from testifying or opining about the medical cause of Mr. Wise's injuries and damages. Dkt. No. 72 at 6. Mr. Wise agrees that his witnesses should not (and will not) offer *expert* medical opinions; he maintains, however, that that lay witnesses should be permitted to testify as to their own *non-expert* opinions. Dkt. No. 93 at 8-9. As Mr. Wise correctly notes, Rule 701 permits lay witnesses to offer opinions when certain parameters are met. *See* Fed. R. Evid. 701. In some circumstances, lay opinions as to the cause or nature of an injury are admissible under Rule 701. *E.g., Osterhout v. Bd. of Cnty. Commissioners of LeFlore Cnty., Oklahoma*, 10 F.4th 978, 997 (10th Cir. 2021) (recognizing that the plaintiff's testimony as to the connection between a beating and his depression and anxiety constituted permissible lay testimony); *Nichols v. Marshall*, 486 F.2d 791, 793 (10th Cir. 1973) (concluding that lay testimony regarding observations of an injured party's bodily actions and sounds was relevant

No. 20-CV-00067

to whether the party suffered conscious pain and suffering). Because no specific opinions have been presented to the Court for review, the Court RESERVES RULING on Mr. Bowling's fifth motion in limine and will evaluate whether lay testimony falls outside the bounds of Rule 701 in the context of the evidence at trial.

Mr. Wise objects to Mr. Bowling's sixth motion in limine, which seeks to exclude evidence of the parties' respective financial conditions. The Court notes that, although Mr. Bowling is the named defendant in this matter, the claims against Mr. Bowling are, in essence, claims against Creek County. Dkt. No. 129 at 7-8. The Court recognizes a tension between Mr. Wise's desire to introduce evidence of the County's ability to pay, Dkt. No. 93 at 9, and his pending motion to exclude evidence that it is the taxpayers whose financial condition is at issue. Dkt. No. 75 at 11 (seeking to preclude argument that a verdict in plaintiff's favor would burden taxpayers). Accordingly, the Court RESERVES RULING on Mr. Bowling's sixth motion in limine and directs the parties to be prepared to discuss the overlap of Mr. Bowling's sixth motion in limine and plaintiff's eleventh motion in limine at the pretrial conference.

In his tenth motion in limine, Mr. Bowling argues that counsel should be prohibited from posing hypothetical fact scenarios to witnesses, as any opinions based on hypothetical scenarios would invade the province of the jury and prejudice the defendants. Dkt. No. 72 at 8. Mr. Wise argues that he should be permitted to present hypothetical scenarios to address disputed evidence, so long as the answers provided by the witnesses do not supplant the jury's judgment. Dkt. No. 93 at 12-13. The Court assumes, based on the case law cited by Mr. Wise, that Mr. Wise intends to pose hypothetical questions to *expert witnesses only*. If this is the case, Tenth Circuit precedent establishes that hypothetical questions are permissible so long as they incorporate facts supported by evidence and do not distort facts or mislead the jury.[2] *See Taylor v. Reo Motors, Inc.*, 275 F.2d 699, 703 (10th Cir. 1960). The Court will consider whether a particular hypothetical comports with *Taylor* in the context of trial. Accordingly, the Court RESERVES RULING on Mr. Bowling's tenth motion in limine.

---

[2] If this is not the case, the Court instructs Mr. Wise to notify the Court of his intention to pose hypothetical questions to non-experts at the pretrial conference.

No. 20-CV-00067

Mr. Bowling's seventh, ninth, eleventh, and twelfth motions in limine are substantially similar to motions in limine raised by Mr. Caffey, and Mr. Wise does not raise any novel arguments in response to Mr. Bowling's motion. *See* Dkt. No. 70 at 2 (personalizing the case); *id.* at 3-4 (punishment or sending a message); *id.* at 4-5 (undisclosed expert testimony); *id.* at 8 (opinions of counsel). *Compare* Dkt. No. 94 *with* Dkt. No. 93. The Court resolves these motions in accordance with and for the reasons discussed in this Court's prior Order [Dkt. No. 184]. With respect to motion in limine No. 11, the Court ORDERS that any party who wishes to solicit expert opinions on new evidence must request a bench conference prior to presenting the expert so that the question of admissibility can be resolved outside the presence of the jury.

In conclusion, for the reasons discussed above, the Court disposes of Mr. Bowling's Motions in Limine as follows:

Motion in Limine No. 1 is DENIED as MOOT;

Motion in Limine No. 2 is RESERVED for trial;

Motion in Limine No. 3 is GRANTED;

Motion in Limine No. 4 is DENIED as MOOT;

Motion in Limine No. 5 is RESERVED for trial;

Motion in Limine No. 6 is RESERVED for the pretrial conference;

Motion in Limine No. 7 is RESERVED for trial;

Motion in Limine No. 8 is DENIED as MOOT;

Motion in Limine No. 9 is RESERVED for trial;

Motion in Limine No. 10 is RESERVED for trial;

Motion in Limine No. 11 is GRANTED; and

Motion in Limine No. 12 is DENIED as MOOT.

If a motion is denied or reserved, the Court's rulings are preliminary. The Court reminds the parties of their continued obligation to reassert evidentiary challenges at trial to preserve such challenges for appeal.

No. 20-CV-00067

DATED this 13th day of February 2024.

_____

John D. Russell
*United States District Judge*