# United States District Court
## for the Northern District of Oklahoma

### Case No. 20-CV-00067-JDR-CDL

JESSE WISE,

        *Plaintiff*,

*versus*

BRETT BOWLING, et al.,

        *Defendants*.

### OPINION AND ORDER

Plaintiff Jesse Wise has submitted thirteen motions in limine seeking to exclude various categories of evidence at trial. Dkt. No. 74; Dkt. No. 75. Defendants, Sheriff Brett Bowling and former Creek County Jail detention officer Don Caffey, have opposed ten of those motions.[1] Dkt. No. 95; Dkt. No. 96; Dkt. No. 124; Dkt. No. 125; Dkt. No. 178. The Court has reviewed the briefs and evidence associated with Mr. Wise's motions, which are now ripe for review.

Mr. Wise's first motion in limine concerns his prior criminal history, which includes felony convictions, misdemeanor convictions, and charges that have been dismissed.[2] According to Mr. Wise, the challenged evidence is inadmissible under

---

[1] Mr. Caffey does not object to eighth, eleventh, twelfth, and thirteenth motions in limine. Dkt. No. 96; Dkt. No. 125. Mr. Bowling does not object to Mr. Wise's second, sixth, eighth, eleventh, or twelfth motions in limine. Dkt. No. 95; Dkt. No. 124; Dkt. No. 178.

[2] *See* Dkt. No. 74 at 15-19; Dkt. No. 74-13; Dkt. No. 74-14; Dkt. No. 74-15; Dkt. No. 74-16; Dkt. No. 74-17; Dkt. No. 178 at 1-5; Dkt. No. 178-7; Dkt. No. 178-8; Dkt. No. 178-9; Dkt. No. 178-10; Dkt. No. 178-16; Dkt. No. 178-17; Dkt. No. 178-18; Dkt. No. 178-19; Dkt. No. 178-20; Dkt. No. 178-21; Dkt. No. 178-22; Dkt. No. 178-23.

No. 20-CV-00067

Rules 404 and 609 of the Federal Rules of Evidence. Dkt. No. 74 at 13-20. Defendants respond that, in addition to being admissible for purposes of impeachment [Dkt. No. 96 at 3; Dkt. No. 178 at 2-4], Mr. Wise's criminal history is directly relevant to the cause and extent of his claimed emotional distress. Dkt. No. 178 at 4-5.

The question of whether Mr. Wise's criminal history is admissible is somewhat more nuanced than suggested by the parties. The Court will consider the following categories of evidence separately: (1) law enforcement encounters after 14 October 2018; (2) charges asserted prior to 14 October 2018 that were ultimately dismissed; (3) misdemeanor convictions; and (4) felony convictions.

Evidence of Mr. Wise's encounters with law enforcement after 14 October 2018 are potentially relevant and admissible in this case. Mr. Wise has suggested that, because of Defendant's actions, he attempted suicide to avoid further prison time. Dkt. No. 178-1 at 14-15. He has also claimed that, because of Defendants' conduct, he now distrusts authority and is uncomfortable around officers. *Id.* Should Mr. Wise make similar claims at trial, the details of Mr. Wise's interactions with law enforcement and detention officers after 14 October 2018 may be relevant to the issues in dispute. The Court therefore RESERVES RULING on the admissibility of this evidence until trial.

Based on the current record, the Court will not permit the parties to present evidence of any criminal charges filed prior to 14 October 2018 that were ultimately dismissed. This evidence is not admissible for impeachment purposes under Rule 609, which applies only to criminal *convictions*. *See* Fed. R. Evid. 609(a); *McDonald v. Hewitt*, 196 F.R.D. 650, 652 (D. Utah 2000) (recognizing that, under Rule 609, a "conviction is required, arrests may not be used"). Furthermore, although Mr. Bowling argues Mr. Wise's criminal history may be relevant to contradict Mr. Wise's claims regarding the cause of his injuries [Dkt. No. 178 at 1-5], Mr. Bowling does not argue, and the exhibits do not suggest, that Mr. Wise's injuries are connected to charges that were filed prior to 14 October 2018 and subsequently dismissed. Mr. Wise's first motion in limine is therefore GRANTED with respect to that evidence. Fed. R. Evid. 402. If Defendants wish to identify specific incidents or events within this category that caused or contributed to Mr. Wise's alleged injuries, they are instructed to identify both the events and the evidence linking the event to Mr. Wise's injuries at the pretrial conference.

2

No. 20-CV-00067

The Court will not, based on the current record, permit Defendants to introduce evidence of misdemeanors charged prior to 14 October 2018. Although evidence of any crime, including a misdemeanor, "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest fact or false statement," *see* Fed. R. Evid. 609(a)(2), the record does not suggest that Mr. Wise's misdemeanor convictions required the proof or admission of dishonesty. Mr. Wise's criminal history includes misdemeanor convictions for resisting an officer, eluding/attempting to elude a police officer, driving with a suspended license, violating protective orders, domestic assault and battery, transporting an open container, driving under revocation, and obstructing an officer.[3] None of these convictions required proof or admission of a dishonest fact or false statement, and they may not be used for impeachment under Rule 609. Furthermore, the evidence does not suggest that Mr. Wise's injuries are attributable to any of these convictions. The evidence of Mr. Wise's pre-2018 misdemeanor convictions is therefore inadmissible, and Mr. Wise's first motion in limine is GRANTED without prejudice as to that evidence. Fed. R. Evid. 402. If Defendants wish to identify specific incidents or events within this category that caused or contributed to Mr. Wise's alleged injuries, they are instructed to identify both the events and the evidence linking the event to Mr. Wise's injuries at the pretrial conference.

The admissibility of Mr. Wise's felony convictions is governed by Rule 609(a)(1)(A) of the Federal Rules of Evidence, which provides that crimes punishable by imprisonment for more than one year "must be admitted, subject to Rule 403," in civil cases and criminal cases where the witness is not a defendant. Fed. R. Evid. 609(a)(1)(A). *See Chatman v. Buller*, No. 12-CV-182-JHP, 2013 WL 4832811, at *7 (E.D. Okla. Sept. 10, 2013) (recognizing that Rule 609 generally requires the admission of prior felony convictions). Two of Mr. Wise's felony convictions fall within the ten-year limit set by Rule 609 and are therefore admissible for impeachment purposes subject to Federal Rule of Evidence 403. *See* Fed. R. Evid. 609(b) (indicating that the limits on use set forth in Rule 609(b) apply only if "more than

---

[3] Dkt. No. 74 at 15-16; Dkt. No. 74-13; Dkt. No. 74-14; Dkt. No. 178 at 7-8; Dkt. No. 178-16; Dkt. No. 178-17; Dkt. No. 178-18; Dkt. No. 178-19; Dkt. No. 178-20; Dkt. No. 178-21.

No. 20-CV-00067

10 years have passed since the witness's conviction or release from confinement for it, whichever is later").[4] The Court DENIES Mr. Wise's motion to exclude the two felony convictions that fall within the ten-year period.

The two felony convictions that fall outside the ten-year window, Case No. 2004-3728 (Tulsa County) and Case No. 2000-3945 (Tulsa County), are subject to a somewhat stricter test, and may be used for impeachment only if the probative value of the evidence substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1).[5] The Court RESERVES RULING on the admissibility of this evidence and will be perform the Rule 403 and Rule 609(b)(1) analyses following the development of additional facts at trial.

In his second motion in limine, Mr. Wise seeks to preclude Defendants from introducing evidence as to his current incarceration. Dkt. No. 74 at 20-21. Mr. Caffey opposes this motion, arguing that the events giving rise to Mr. Wise's incarceration are admissible under Federal Rule of Evidence 609, and the evidence of his jail experiences, including his familiarity with security protocols, may be relevant depending upon the scope of Mr. Wise's trial testimony. Dkt. No. 96 at 4-5. The Court disagrees with Mr. Caffey's suggestion that Mr. Wise's current incarceration would have any bearing on what Mr. Wise knew or was aware of in 2018. The Court likewise rejects the contention that Federal Rule of Evidence 609 would encompass the mere fact of Mr. Wise's incarceration. Nevertheless, as this Court previously acknowledged, Mr. Wise's encounters with law enforcement after 14 October 2018 may be relevant to Mr. Wise's claims of emotional distress. *See supra* at 2. Accordingly, the Court RESERVES RULING on this motion.

Mr. Wise's third motion in limine seeks to exclude any reference to Mr. Wise's use of illegal drugs. According to Mr. Wise, this evidence is irrelevant

---

[4] *See* Dkt. No. 74 at 17 (acknowledging that Mr. Wise's 2011 felony conviction in Case No. CF-2019-3336 resulted in a twenty-one-year sentence, and that Mr. Wise was released in 2017, less than ten years ago); Dkt. No. 178-7 at 14 (reflecting adjudication of guilt and imposition of two-year sentence in Case No. CF-2019-80).

[5] The requirement of written notice and opportunity to contest the use of these felonies is satisfied by Mr. Bowling's brief. Fed. R. Evid. 609(b)(2). The Court will consider the parties' positions regarding the admissibility of this evidence at the pretrial conference.

4

because there is no allegation that he was using drugs at the time he was injured by Defendants. Dkt. No. 74 at 21-23. Mr. Wise maintains that the evidence of his prior drug use can be used only to unfairly impugn his character. *Id.* Defendants, in response, maintain that the evidence concerning his drug-related convictions may be used for impeachment purposes, to call into question Mr. Wise's ability to accurately recall events, and to point to an alternative cause of Mr. Wise's claimed damages. Dkt. No. 95 at 2-5; Dkt. No. 96 at 5-6; Dkt. No. 178 at 5-6. The Court agrees that the evidence of Mr. Wise's prior drug use may have some bearing on the questions of fact to be determined by the jury. *E.g., United States v. Smith*, 156 F.3d 1046, 1055 (10th Cir. 1998) (concluding that the district court did not abuse its discretion in permitting evidence of prior drug use, which may have affected the witness's "ability to recall the evening in question"); *Solis-Marrufo v. Bd. of Comm'rs for Cnty. of Bernalillo*, No. CIV 11-0107 JB/KBM, 2013 WL 1658203, at *1 (D.N.M. Mar. 28, 2013) (permitting defendants to inquire into the impact of prior cocaine use on the plaintiff's emotional and mental state and to use this evidence to contradict his claims of mental and emotional distress). Accordingly, motion in limine number three is DENIED without prejudice.

In his fourth and fifth motions in limine, Mr. Wise asks the Court to exclude evidence of protective orders entered against Mr. Wise, as well as any allegations of domestic violence that have been asserted against him. Dkt. No. 74 at 25-26. Mr. Wise argues that these *ex parte* claims constitute impermissible character evidence, are irrelevant, and are highly prejudicial. *Id.* Defendants respond that the evidence is admissible for impeachment purposes and is relevant to Mr. Wise's relationships with witnesses, the bias of the witnesses, and the true cause of Mr. Wise's emotional distress. Dkt. No. 96 at 6-10; Dkt. No. 178 at 6-10.

The Court concludes that evidence of Mr. Wise's prior violent conduct may be relevant in this case. Proof that a witness is biased—favorably or unfavorably—is "almost always relevant" to the jury's determination of the accuracy of a witness's testimony. *See United States v. Abel*, 469 U.S. 45, 52 (1984) ("Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self interest."). Thus, the evidence of protective orders and claims of domestic violence will be relevant to the bias and credibility of any witnesses who were involved in the events giving rise to those orders or claims. *Thomas v. Lampert*, 349 F. App'x 272,

No. 20-CV-00067

277-78 (10th Cir. 2009) (concluding that admission of prior abuse was permissible as it was used to explain the witness's loyalty despite the petitioner's violent tendencies). Further, if Mr. Wise claims Defendants cause him emotional distress that impaired his personal relationships, Defendants should be permitted to contradict that claim with evidence that those relationships were weak to begin with. *E.g., Lounds v. Torres*, 217 F. App'x 755, 758 (10th Cir. 2007) (concluding that evidence of prior domestic abuse was relevant to the "nature and quality" of the lost relationship).

In view of the foregoing, the Court cannot conclude that the evidence of protective orders and claims of domestic violence against Mr. Wise is necessarily inadmissible. Thus, the Court RESERVES RULING on Mr. Wise's fourth and fifth motions in limine.[6]

Mr. Wise's sixth motion in limine seeks to preclude evidence of the criminal histories of Cameo Foster and Brent Wise, Mr. Wise's girlfriend and father.[7] Mr. Wise alleges that this evidence is wholly irrelevant and would confuse and mislead the jury while unfairly prejudicing Mr. Wise. Dkt. No. 74 at 29. Mr. Caffey responds that the evidence may be admissible for purposes of impeachment in the event Ms. Foster or Brent Wise are called to testify. Dkt. No. 96 at 1-3. The Court agrees, for the reasons discussed in connection with Mr. Wise's first motion in limine, that the criminal convictions of these two potential witnesses may be admissible under Federal Rule of Evidence 609. *See supra* at 3-4. The Court therefore Court RESERVES RULING on the admissibility of this evidence and will be perform the Rule 403 and Rule 609(b)(1) analyses following the development of additional facts at trial.

In his seventh motion in limine, Mr. Wise asks the Court to exclude evidence of medical injuries and medical records unrelated to the damages at issue in this case. Dkt. No. 75 at 2-3. Defendants do not oppose this motion and argue only that

---

[6] The Court does not reach Mr. Wise's claims that certain documents constitute inadmissible hearsay, as Mr. Wise's argument on this point was insufficiently developed. *See First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) (recognizing that a motion in limine may be denied if it lacks specificity as to the evidence to be excluded). Mr. Wise is instructed to identify documents that he believes should be excluded as hearsay at the pretrial conference.

[7] Mr. Wise does not identify any specific convictions that he desires to exclude. Dkt. No. 74 at 28-29.

Mr. Wise should likewise be barred from introducing the challenged evidence. Dkt. No. 124 at 1; Dkt. No. 125 at 1. In view of the parties' agreement concerning the inadmissibility of this evidence, this motion is DENIED AS MOOT.

Mr. Wise next asks the Court to prohibit Defendants from introducing testimony of the grievances he submitted to the Creek County Jail on 14 and 22 October 2018. Dkt. No. 75 at 6-7. According to Mr. Wise, this evidence would be used to discredit him and make him appear litigious. *Id.* a 6. Defendants respond that the grievances are connected to the incident that gave rise to this litigation and are therefore directly relevant to this case. Dkt. No. 124 at 2 (noting that the first grievance was made on the day of the incident giving rise to this action, and that the second grievance reported the assault by Mr. Caffey); Dkt. No. 125 at 3. The Court concludes that the challenged evidence does not concern unrelated *prior* litigation, nor does it serve only to portray a party as a chronic litigant. *Cf. Outley v. City of New York*, 837 F.2d 587, 592-95 (2d Cir. 1988) (concluding that the plaintiff was denied a fair hearing where the argument and questions concerning his prior litigation history against police officers unfairly impaired the plaintiff's credibility). Instead, the two grievances at issue directly pertain to the allegedly tortious conduct at issue in this case or the events giving rise to it. This evidence is directly relevant to the matters in dispute. Mr. Wise's ninth motion in limine is therefore DENIED.

In his tenth motion in limine, Mr. Wise asks the Court to exclude evidence of facts learned by the Defendants after the events giving rise to this action, including (a) calls between Mr. Wise and his mother and girlfriend, and (b) Mr. Wise's possession of a razor blade on the day he was injured. Dkt. No. 75 at 8-11. Mr. Bowling and Mr. Caffey take different positions on this evidence. Mr. Bowling has no objection to the exclusion of the evidence identified by Mr. Wise; he argues only that Mr. Wise's motion is overbroad insofar as it seeks to preclude anything beyond the two categories of evidence identified. Dkt. No. 124 at 4-5. Based on Mr. Wise's response, it appears that Mr. Wise and Mr. Bowling agree on this issue. *See* Dkt. No. 126 at 4. The motion is therefore DENIED as MOOT as to Mr. Bowling.

Mr. Caffey does not object to Mr. Wise's tenth motion in limine as a general matter. Dkt. No. 125 at 3. Nevertheless, he argues that Mr. Wise's possession of the razor may be admissible under Rule 608(b)(1) of the Federal Rules of Evidence if, for example, Mr. Wise claims he did not have a weapon on the day he was injured.

Dkt. No. 125 at 3. As Mr. Caffey correctly recognizes, "when a defendant makes a false statement during direct testimony, the prosecution is allowed to prove, either through cross-examination or by rebuttal witnesses, that the defendant lied as to that fact." *United States v. Crockett*, 435 F.3d 1305, 1313 (10th Cir. 2006). Because it is not yet clear whether the challenged evidence will be necessary to demonstrate that Mr. Wise testified falsely, the Court RESERVES RULING on Mr. Wise's tenth motion in limine as to Mr. Caffey.

Mr. Wise's final contested motion seeks to prevent employees of the Creek County Sheriff's Office from testifying while in uniform. Dkt. No. 75 at 13. Only Mr. Bowling opposes this motion. Dkt. No. 124 at 6-7; Dkt. No. 125 at 4. The Court concludes it is not necessary to prohibit law enforcement officers from testifying in uniform. The witnesses' testimony will establish the nature of their employment, as will the nature of Mr. Wise's claims. *E.g., Fuston-Lounds v. Torres*, No. CIV-03-1519-T, 2006 WL 8436338, at *2 (W.D. Okla. Jan. 26, 2006) (recognizing that the jury would understand the defendant to be a police officer based on plaintiff's claim for liability under § 1983). The presence or absence of a uniform will not change what the jury already knows. If Mr. Wise is concerned about juror prejudice, he may submit proposed *voir dire* and limiting instructions for the Court's consideration, but the Court will not prohibit law enforcement officers from wearing their uniforms at trial. *Id.* Mr. Wise's thirteenth motion in limine is therefore DENIED.

For the reasons discussed above, the Court disposes of Mr. Wise's Motions in Limine as follows:

> Motion in Limine No. 1 is GRANTED in part, DENIED in part, and RESERVED for trial in part;
>
> Motion in Limine No. 2 is RESEVED for trial;
>
> Motion in Limine No. 3 is DENIED;
>
> Motion in Limine No. 4 is RESERVED for trial;
>
> Motion in Limine No. 5 is RESERVED for trial;
>
> Motion in Limine No. 6 is RESERVED for trial;
>
> Motion in Limine No. 7 is DENIED as MOOT;

No. 20-CV-00067

Motion in Limine No. 8 is DENIED as MOOT;

Motion in Limine No. 9 is DENIED;

Motion in Limine No. 10 is DENIED as MOOT as to Mr. Bowling and RESEVED for trial as to Mr. Caffey.

Motion in Limine No. 11 is DENIED as MOOT;

Motion in Limine No. 12 is DENIED as MOOT; and

Motion in Limine No. 13 is DENIED.

For the motions that are denied or reserved, the Court's rulings are preliminary. The Court reminds the parties of their continued obligation to reassert evidentiary challenges at trial to preserve those challenges for appeal.

DATED this 13th day of February 2024.

John D. Russell
*United States District Judge*